IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALEXANDER B. CARRICK ; and JENNIFER M. CARRICK<br><br>Plaintiff,<br><br>v.<br><br>SPECTRUM FUNDING CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC; THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK; RECONTRUST COMPANY, N.A.; BAC HOME LOANS SERVICING, L.P., FKA COUNTRY WIDE HOME LOANS SERVICING, L.P.; AND DOES 1-10,<br><br>Defendants. | **ORDER DENYING MOTION TO QUASH SERVICE OF PROCESS**<br><br>Case No. 2:10-CV0-0739 DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge David Nuffer |

This case was referred to Judge David Nuffer under 28 U.S.C. § 636 (b)(1)(A) for resolution of non-dispositive motions.[1]

On August 12, 2010, a priority mail package was received at the office of Lundberg & Associates attempting to serve Tom Cook with the summons and complaint in this case as a "Certifying Officer of Mortgage Electronic Registration Systems, Inc. ('MERS')."[2] On September 2, 2010, this motion to quash was filed.[3] Tom Cook asserts (without any documentary proof) that he was appointed as a certifying officer by a corporate resolution specifically authorizing him "to assign a lien of any mortgage, release a lien of any mortgage and

---

[1] Docket Text Order Referring Case to Magistrate Judge David Nuffer, docket no.13, filed September 2, 2010.

[2] Memorandum in Support of Motion to Quash Service (Supporting Memorandum) at 2, docket no. 12, filed September 2, 2010.

[3] Appearance of Counsel for Movant Tom Cook and Motion to Quash Service (Motion to Quash Service), docket no. 9, filed September 2, 2010.

execute any documents necessary to foreclosure [sic] upon a property securing any mortgage loan registered on the MERS system and for a particular lender for which an agreement is in place between Tom Cook, MERS and a lender."[4] Cook says the corporate resolution does not give him authority to accept service as a registered agent on MERS' behalf.[5] Thus he claims he is not an agent or an authorized person under the law to accept service on behalf of defendant MERS.[6] He makes no other claim that service was defective.

The plaintiff argues[7] that service upon Tom Cook was not an attempt to serve a *registered agent* of MERS, as the motion mistakenly assumes,[8] but constitutes service upon *an officer* of MERS.[9] Plaintiff argues that Tom Cook performs a very broad range of duties on behalf of MERS including (by his admission) the power to assign a lien of any mortgage, release a lien of any mortgage and execute any and all documents necessary to foreclose upon property.[10]

Plaintiff says the service therefore meets the requirement of Utah Rule of Civil Procedure 4.[11] Utah Rule of Civil Procedure Rule 4(d)(1)(E) (which applies pursuant to Fed. R. Civ. P. 4(h))[12] and Utah R. Civ. P. Rule (e)(1) permit service upon an officer of a corporation. The

---

[4] Supporting Memorandum at 5.

[5] *Id.*

[6] *Id*.

[7] Opposition to Motion to Quash Service (Memorandum in Opposition), docket no. 16, filed September 16, 2010.

[8] Memorandum in Opposition at 3.

[9] *Id*.

[10] *Id.* at 4.

[11] *Id*. at 5.

[12] Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

rules do not limit the designation of "officer" and therefore plaintiff says service upon "certifying officer" Tom Cook meets the requirement of the rules.

Plaintiff also argues that the service upon MERS through Tom Cook is effective because MERS does business within the state of Utah within the office of e-Title/ Lundberg & Associates but does not have a registered agent for service of process within the state. These facts would authorize service upon "upon the person in charge of such office or place of business."[13] In a similar case,[14] this court has held service effective on an insurance company through its Utah adjuster. And therefore, service is also effective upon MERS through Cook because he is an officer of MERS, by his own admission and also because he is apparently in charge of MERS' activities at the office where he was served.

## ORDER

IT IS HEREBY ORDERED that the motion to quash[15] is denied.

Dated February 14, 2011.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

---

(1) in a judicial district of the United States:
    (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
    (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and-if agent is one authorized by statute and the statute so requires-by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4 (h).

[13] Utah Rule of Civil Procedure 4(d)(1)(E).

[14] *Gibbons & Reed Co. v. Standard Accident Insurance Co.*, 191 F. Supp. 174, 175 (D. Utah 1960).

[15] Appearance of Counsel for Movant Tom Cook and Motion to Quash Service (Motion to Quash Service), docket no. 9, filed September 2, 2010.